UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LA ANTONETTE ANDERSON,

    Plaintiff,

v.

HAWORTH, INC.,

    Defendant.

Case No. 1:15-cv-0725

Hon. Robert Holmes Bell

| La Antonette Anderson<br>*In pro per*<br>2119 Sixth Street<br>Muskegon Heights, Michigan 49444 | Andrea J. Bernard (P49209)<br>C. Ryan Grondzik (P75526)<br>WARNER NORCROSS & JUDD<br>900 Fifth Third Center<br>111 Lyon Street, N.W.<br>Grand Rapids, Michigan 49503<br>616.752.2000<br>abernard@wnj.com<br>rgrondzik@wnj.com<br>*Attorneys for Defendants* |
|---|---|

## JOINT STATUS REPORT

A Rule 16 Scheduling Conference is scheduled for June 1, 2016, at 10:30 a.m., before Hon. Ray Kent. Appearing for the parties as counsel will be:

    **For Plaintiff**: La Antonette Anderson, *in pro per*.

    **For Defendant**: C. Ryan Grondzik.

1.     <u>Jurisdiction</u>:  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's Complaint involves federal question claims under Title VII.

2.     <u>Jury or Non-jury</u>:  This case is to be tried before a judge.

3.     <u>Judicial Availability</u>:  The parties do not agree to have a United States Magistrate Judge conduct any further proceedings in the case, including trial, or to order the entry of final judgment.

    4.    <u>Geographic Transfer</u>:  This case does not warrant a geographic transfer.

    5.    <u>Statement of the Case</u>:

<u>Plaintiff's statement</u>:

Haworth, Inc. ("Haworth") intentionally discriminated against La Antonette Anderson based on race.

This discrimination is in accordance with the Title VII of the Civil Rights Act of 1964 which protects individuals against employment discrimination on the bases of race and color, as well as national origin, sex, and religion. Title VII also prohibits employment decisions based on stereotypes and assumptions about abilities, traits, or the performance of individuals of certain racial groups. Title VII's prohibitions apply regardless of whether the discrimination is directed at Whites, Blacks, Asians, Latinos, Arabs, Native Americans, Native Hawaiians and Pacific Islanders, multi-racial individuals, or persons of any other race, color, or ethnicity. It is unlawful to discriminate against any individual in regard to recruiting, hiring and promotion, transfer, work assignments, performance measurements, the work environment, job training, discipline and discharge, wages and benefits, or any other term, condition, or privilege of employment. Title VII prohibits not only intentional discrimination, but also neutral job policies that disproportionately affect persons of a certain race or color and that are not related to the job and the needs of the business.  This is a clear case of intentional discrimination based on race.

On October 25, 2013, I had an interview with Kristen Owens who is Haworth's recruiter, the supervisor for the panels department, and one of the team leads for a team member job in the panels department.  Approximately two months following the interview, Kristen Owens begin to check my references.  According to the application that I filled out on June 25, 2013, only supervisory references will be accepted.  This is at the point that I have an issue with Haworth.

If the application states that only supervisory references will be accepted then why did Kristen Owens hold me to a manufacturing reference. I brought this issue to the lead attention who told me to go back to Kristen Owens and talk to her about the situation. When I asked her about this manufacturing reference, she said that the reference had to be from someone who knows my work in a manufacturing facility. If the application says supervisory reference, why was I held to a manufacturing reference. Haworth would like you to believe that I did not cooperate with them and submit the required references as well as the existence of the voice mail. I cooperated with Kristen Owens a 100 percent, she decided to intentionally discriminate against me. According to the voice mail that was sent to me, Kristen Owens was only willing to accept a manufacturing reference. There were several other references that I could have submitted, but Kristen Owens refused to accepted them. After my application was dismissed, I talked to Kristen Owens for the last time and the conversation was just like to first one. I had to give her a manufacturing reference.

Defendant's Statement:

Haworth, Inc. ("**Haworth**") vehemently denies that it discriminated against Plaintiff based on her race. This is a failure to hire case in which the Plaintiff simply refused to cooperate with Haworth's requests for references, which led to Haworth's decision to suspend her application.

Plaintiff was never employed directly by Haworth. Plaintiff was a temporary contract worker employed by Kelly Services who was assigned to a Haworth facility on or about April 8, 2013. Her assignment ended on or about April 7, 2014 when she reached Haworth's one year time limit for temporary employees.

3

On or about June 28, 2013, Plaintiff applied for an entry level position with Haworth and was given an interview. During the application process, a Haworth recruiter was assigned to conduct reference checks. One of Plaintiff's references refused to provide a recommendation for her, and Plaintiff refused to cooperate with Haworth's attempts to obtain suitable alternate references. Accordingly, her application for permanent employment was put on hold. Plaintiff was eventually dropped from consideration altogether when the position she was applying for was cancelled due to a seasonal slowdown.

6. <u>Joinder of Parties and Amendment of Pleadings</u>: The parties will file any motions for joinder of parties to this action or any motions to amend the pleadings by **July 1, 2016**.

7. <u>Disclosures and Exchanges</u>:

(i) Fed. R. Civ. P. 26(a)(1) disclosures: The parties will provide initial disclosures pursuant to Rule 26(a)(1) on or before **July 1, 2016.**

(ii) Fed. R. Civ. P. 26(a)(2) disclosures: The parties agree to the following approach to expert witness disclosures:

    (1) Plaintiff to furnish names of experts on or before **July 30, 2016**;

    (2) Defendants to furnish names of experts on or before **August 30, 2016**.

(iii) It would be advisable in this case to exchange written expert witness reports as contemplated by Fed. R. Civ. P. 26(a)(2). The parties propose the following schedule for expert witness disclosures:

    (1) Plaintiff will serve its expert reports on or before **August 30, 2016**;

    (2) Defendants will serve their expert reports on or before **September 30, 2016**.

(iv) Voluntary Disclosures: The parties are unable to agree to voluntary disclosure at this time, with the exception that Haworth will voluntarily disclose Plaintiff's application and any documents Plaintiff submitted with her application by **July 1, 2016.**

8. Discovery: The parties believe that all fact discovery proceedings can be completed by **December 1, 2016**, but agree to cooperate if additional time is required beyond that date. The parties do not recommend a modification of the presumptive limits on discovery, or the presumptive time limits for depositions.

9. Motions: The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain, prior to filing, whether the motion will be opposed. All non-dispositive motions shall be accompanied by a separately filed certificate setting forth in detail the efforts of the moving party to comply with the obligation created by Rule 7.1(d). The parties anticipate that all dispositive motions will be filed by **January 23, 2017**.

10. Alternative Dispute Resolution: The parties request a settlement conference with a Magistrate Judge.

11. Length of Trial: Counsel estimate the trial will last approximately 3 days total, allocated as follows: 1.5 days for Plaintiff's case, 1.5 days for Defendant's case.

12. Prospects of Settlement: The parties have not yet had substantial settlement discussions at this time. It is anticipated that some preliminary discovery will likely be necessary before the parties can engage in productive settlement discussions, whether those discussions occur directly between the parties or as part of a settlement conference.

13. Electronic Document Filing System: Plaintiff acknowledges that she must submit her documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel for Haworth acknowledges that all documents must be served electronically, by

means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. Counsel for Haworth acknowledges that they are expected to abide by the requirements of this rule. Counsel for Haworth also acknowledges that Haworth must serve Plaintiff with a paper copy of any documents filed with this Court.

14. <u>Other</u>: The parties are at this time unaware of any other factors relevant to this case.

| LA ANTONETTE ANDERSON | WARNER NORCROSS & JUDD LLP |
|---|---|
| *s/ La Antonette Anderson (with permission)*<br>La Antonette Anderson<br>*In pro per*<br>2119 Sixth Street<br>Muskegon Heights, Michigan 49444 | s/ *C. Ryan Grondzik*<br>Andrea J. Bernard (P49209)<br>C. Ryan Grondzik (P75526)<br>WARNER NORCROSS & JUDD<br>900 Fifth Third Center<br>111 Lyon Street, N.W.<br>Grand Rapids, Michigan 49503<br>616.752.2000<br>abernard@wnj.com<br>rgrondzik@wnj.com<br>*Attorneys for Defendants* |

**Proof of Service**

I hereby certify that a copy of the foregoing document was mailed on May 26, 2016, via United States Postal Service to the following non-ECF participant: La Antonette Anderson, 2119 Sixth Street, Muskegon Heights, Michigan 49444.

*/s/C. Ryan Grondzik*
C. Ryan Grondzik