UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LA ANTONETTE ANDERSON,

    Plaintiff,

                                                  CASE NO. 1:15-CV-725

v.

                                                  HON. ROBERT J. JONKER

HAWORTH, INC.,

    Defendant.

_____/

## ORDER

This matter is before the Court on Plaintiff La Antonette Anderson's ("Anderson") letter request that this Court construed as a motion for recusal (ECF No. 43). In her motion, Plaintiff Anderson seeks this Court's recusal based on the Court's former ties to defense counsel, Warner Norcross & Judd, LLP ("WNJ"). There is no basis for recusal, and the motion is **DENIED**.

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Although a party may move for recusal under this provision, a judge is directed to *sua sponte* recuse himself if he knows of facts that would undermine the appearance of impartiality. *See Liteky v. United States*, 510 U.S. 540, 547-48 (1994); *Youn v. Track, Inc.*, 324 F.3d 409, 422-23 (6th Cir. 2003). There are no such facts in this case. Plaintiff simply references the undersigned's former practice with the defense law firm. That relationship ended in the summer of 2007. There is no

reasonable basis to impute bias from that. To the contrary, the Court routinely hears cases in which WNJ is representing a party.[1]

There is only one remaining circumstance in which the Court could be disqualified based on former connections to WNJ; namely, under Section 455(b)(2) if anyone at the firm worked on this matter while the Court was associated with the firm. This Court directed defense counsel to review their files and records to determine if there was any basis that might trigger this provision. There is no such basis because the facts and circumstances of this lawsuit did not begin developing until June 2013, when Plaintiff submitted her application to Haworth (ECF No. 40-3, PageID.59). By that time, the undersigned had been away from WNJ for over six years. Accordingly, the record in this case does not afford the basis for a reasonable person to question the Court's impartiality, and the Court will not recuse itself.

**IT IS SO ORDERED.**


Dated:   February 22, 2017            /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      CHIEF UNITED STATES DISTRICT JUDGE

---

[1] This Court followed the recommended practice of recusing itself on WNJ cases during the first two years of judicial service. Committee on Codes of Judicial Conduct, Advisory Opinion 24 (June 2009). There is no basis in this case for extension of the recusal period.