UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LA ANTONETTE ANDERSON,

        Plaintiff,

v.

HAWORTH, INC.,

        Defendant.

_____/

CASE NO. 1:15-cv-725

HON. ROBERT J. JONKER

## **OPINION**

This is a failure-to-hire case. Plaintiff says that Defendant Haworth refused to hire her because she is black. Defendant denies this and says that Plaintiff did not get the job because she failed to complete the application process by submitting the required references. In fact, Defendant appeared to want to hire Plaintiff, and pushed her to submit the required references. Plaintiff simply declined to do so. Even when construed in the light most favorable to Plaintiff, the record permits only one conclusion: Haworth is entitled to summary judgment.

### **Factual and Procedural Background**

Defendant Haworth is a manufacturer of commercial office furniture and interior furnishings. Many of the workers in Defendant's manufacturing facilities are temporary workers, assigned through outside staffing companies. (Volkers Decl., ECF No. 40-3, PageID.208-09.) These workers are referred to as the reserved labor pool and remain employees of the staffing companies who hired them. (*Id.*) Under Haworth's staffing policies, a reserved labor pool worker may be assigned to the

company for up to 12 months. (*Id.* at PageID.209.) From April 2013 through April 2014, Plaintiff worked at Haworth's Holland plant as part of this reserved labor pool. (*Id.*)

Plaintiff performed well, and after a few months, her supervisor, Dennis Hanson, encouraged her to apply for full-time employment with Haworth. (Hanson Decl. ¶ 3, ECF No. 40-2, PageID.201.) Haworth's application process for hourly employees is summarized in its Hourly Hiring Flowchart and consists of testing, multiple interviews, and a reference and background check before the company extends an employment offer. (Volkers Decl., Ex. 2, PageID.263.) On June 28, 2013, Plaintiff submitted an application for an entry-level team member manufacturing position. (*Id.* at ¶ 7, PageID.210.) After submitting her application, Plaintiff successfully completed Haworth's employment testing. (*Id.* at PageID.210-11.) Next, Plaintiff participated in a telephone interview with recruiter Kristen Owens, and then, an in-person interview with the plant manager, Dennis Hanson, and Amy Hamilton. (*Id.* at PageID.211.) Following the interviews, Plaintiff advanced to the next step of the application process: reference and background checks. (*Id.*)

Haworth's policy on referencing and background checks requires that an applicant provide two professional references, at least one of whom is external to Haworth. (Def.'s Mot. for Summ. J., Ex. 6, PageID.283.) On her application, Plaintiff provided three professional references: her supervisor at Haworth, a former supervisor from Herman Miller and her pastor. (Def.'s Mot. for Summ. J., Ex. 3, PageID.267-68.) Plaintiff's work for her church was as a volunteer in the nursery and so her pastor did not qualify as an external professional reference. (*Id.*) Also, her former supervisor from Herman Miller—a competitor of Haworth— refused to provide a reference in light of Herman Miller's policy. (Def.'s Mot. for Summ. J., Ex. 8, PageID.293.) This left Plaintiff's application with only one reference; namely, her internal Haworth supervisor.

Because Plaintiff's application was incomplete, Owens left at least two voicemail messages and sent an email to Plaintiff in December 2013, asking her to provide additional references. (Def.'s Mot. for Summ. J., Ex. 3, PageID.265.) Plaintiff never did. (*Id.*) On January 2, 2014, Owens left Plaintiff a voicemail message and sent her an email explaining that the position was cancelled and that the company would not move forward with any other positions due to her lack of references. (*Id.*) Plaintiff did not re-apply for another position at Haworth and continued to work on temporary assignment until April 2014. (*Id.* at PageID.209.) Haworth hired 12 people under the requisition for which Plaintiff applied: 8 Caucasians, 3 Hispanics, and 1 African-American. (*Id.* at PageID.213.) Owens personally hired the African-American applicant. (*Id.*)

Plaintiff agrees that she never completed her application with the required references. Her argument appears to be that she knows at least one white applicant—Kim Van Horn—who got a job without submitting the required references. The record, however, does not support Plaintiff's claim. To the contrary, the record establishes that Van Horn's original application included two professional references, though both were internal to Haworth. A Haworth recruiter then followed up with Van Horn's previous employer and obtained a reference, external to Haworth. Accordingly, the record establishes that Van Horn's application ultimately had there references—two internal and one external. Though Plaintiff highlights only Van Horn in her complaint, she attaches to her briefing a series of Haworth documents that apparently pertain to other hires. The Court has reviewed the materials independently and finds that they create no triable issue.

In May 2014, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. (Compl., Ex. 1, ECF No. 1-2, PageID.7.) On July 13, 2015, Plaintiff filed

this suit, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq*. (*Id.*) Haworth moves for summary judgment, and the record supports the motion.

## Legal Standard

Summary judgment is appropriate only if, "taking the evidence in the light most favorable to the non-moving party, 'the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *La Quinta Corp. v. Heartland Props., LLC*, 603 F.3d 327, 335 (6th Cir. 2010) (quoting Fed. R. Civ. P. 56(2)). In considering a motion for summary judgment, the Court draws all justifiable inferences in favor of the non-moving party. *Bobo v. United Parcel Service, Inc.*, 665 F.3d 741, 748 (6th Cir. 2012). On a summary judgment motion, "the ultimate question . . . is whether the evidence presents a sufficient factual disagreement to require submission of a particular legal claim to the jury or whether the evidence on the claim is so one-sided that [the moving party] should prevail as a matter of law." *Id.* at 748-49.

Title VII prohibits employers from discriminating against an individual with respect to employment on the basis of race. 42 U.S.C. § 2000e-2(a)(1). The parties agree that there is no direct evidence of discrimination. *Hashem-Younes v. Danou Enterprises, Inc.*, 311 F. App'x 777, 779 (6th Cir. 2009). In such a case, the plaintiff must satisfy the burden-shifting standards of proof set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and subsequently modified in *Texas Dep't of Comm. Affairs v. Burdine*, 450 U.S. 248 (1981). Under this framework, the plaintiff must first establish a *prima facie* case. The elements of a *prima facie* case of discrimination for failure to hire are: (1) plaintiff is a member of a protected class; (2) plaintiff applied and was qualified for the position in question; (3) plaintiff was considered and denied the position; and (4) plaintiff was

rejected in favor of a non-protected person with similar qualifications. *Pucci v. Basf Corp.*, 55 F. App'x 243, 245 (6th Cir. 2002) (citing *Betkerur v. Aultman Hosp. Ass'n*, 78 F.3d 1079, 1095 (6th Cir. 1996)); *see also Goodwill v. Saks Fifth Ave.*, No. 10-14200, 2012 WL 1110000, at *6 (E.D. Mich. Apr. 3, 2012) (applying *Pucci* to a race-based failure-to-hire claim).

Once the plaintiff has established a *prima facie* case, the burden shifts to the defendant to offer evidence of a legitimate, non-discriminatory reason for the adverse employment action. If the defendant does so, the burden shifts back to the plaintiff to show that the defendant's proffered reason was not its true reason, but merely a pretext for discrimination. *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 391-92 (6th Cir. 2008). A plaintiff may demonstrate pretext by showing that the employer's stated reason (1) has no basis in fact; (2) was not the actual reason; or (3) is insufficient to explain the employer's action. *Risch v. Royal Oak Police Dep't*, 581 F.3d 383, 391 (6th Cir. 2009).

## Discussion

### 1. *Prima Facie* Case Analysis

The parties do not dispute that Plaintiff has satisfied the first two elements of a *prima facie* case. However, Defendant argues that Plaintiff has not shown that she was considered for and denied the position or that she was rejected in favor of a non-protected person with similar qualifications.

First, Defendant contends that Plaintiff was never considered for and denied the position for which she applied because she never completed her application. (ECF No. 40, PageID.191.) Haworth's formal hiring mechanism requires two qualifying professional references, including one external reference. Without such information, Plaintiff's application never proceeded to the stage

5

where Haworth could extend her an offer for employment. Indeed, Owens left Plaintiff a voicemail message indicating that the position she applied for had been cancelled and that Haworth would not move her application forward for any other positions due to her lack of references. (Ex. 3, ECF No. 40-3, PageID.265.) It is clear that Haworth did not consider Plaintiff's application complete without an external professional reference, in accordance with the company's hiring policy; that it informed Plaintiff of this; and that Plaintiff simply chose not to supplement her materials.

Likewise, Defendant argues that Haworth did not reject Plaintiff in favor of a similarly-situated non-protected person. In her complaint, Plaintiff compares herself to one individual: Kim Van Horn. She argues that the recruiter allowed Van Horn to use two internal references, whereas Owens required Plaintiff to provide two external references. (Compl., ECF No. 1, PageID.3.) But the record does not support Plaintiff's theory. Van Horn's original application did have only two references, both internal. But a Haworth recruiter then followed up with Van Horn's former employer to obtain an external reference. So ultimately, Van Horn had three professional references, two internal and one external. Plaintiff certainly had the support of her internal supervisor, but she never provided any other valid professional references, internal or external.[1]

Plaintiff's response includes file materials on several other employees too: Jason Sherman, Esperanza Montalvo, Paul Griffin, Jose Guadalupe Gomez-Lopez, Robert Lewis, and Aisha Lowery. Yet she has not satisfied her burden with respect to any of these applicants either. These applicants all provided at least two professional references, including one external reference, whereas Plaintiff

---

[1] Van Horn's application was also handled by a recruiter different than the one handling Plaintiff's application, and was submitted at a different time. This further weakens Plaintiff's attempt to establish a *prima facie* case. *See, e.g., Smith v. Leggett Wire Co.*, 220 F.3d 752, 762 (6th Cir. 2000) (African American plaintiff was not similarly situated to three Caucasian workers where the supervisor who terminated plaintiff was not in charge of disciplining the other workers); *Oniyah v. St. Cloud St. Univ.*, 684 F.3d 711, 717 (8th Cir. 2012) ("When different decision-makers are involved, two decisions are rarely similarly situated in all relevant respects.").

6

did not. (2d Volkers Decl., ECF No. 54-1, PageID.442-44.) Moreover, Plaintiff's reference to Lowery completely undercuts her case: Lowery is an African American woman, a member of the same protected class as Plaintiff. Owens processed Lowery's application and hired her under the same requisition that covered Plaintiff. (*Id.* at PageID.444.) Lowery submitted three professional references, including one external reference, as part of her application. (*Id.*) Not only has Plaintiff failed to identify a similarly-situated non-protected employee, she actually identified someone from her own protected class who followed Haworth's reference rules and got hired by the same person who was handling Plaintiff's application.

### 2. Burden-shifting Analysis

But even if Plaintiff had established a *prima facie* case, Defendant has provided a legitimate, non-discriminatory reason for not hiring Plaintiff: she did not complete her application. Failure to complete a requirement set by an employer in the application process vitiates a failure to hire claim. *See, e.g., E.E.O.C. v. Am. Precision*, 1999 WL 264406, at *5 (W.D.N.Y. May 2, 1995) (holding that an employer's proffered reasons for refusing to hire plaintiff, principally a lack of a positive reference, satisfied its burden of producing valid non-discriminatory reasons for failing to hire); *Philippeaux v. N. Cent. Bronx Hosp.*, 871 F. Supp. 640, 651 (S.D.N.Y. 1994) (holding that defendants met their burden by proffering "a number of non-discriminatory considerations in hiring [a comparator] over plaintiff," including that the comparator "provided as references three current Bronx Hospital employees, while plaintiff failed to provide complete information on his references"); *Durham v. Bryant Nursing Ctr.*, No. 85-248-2, 1987 WL 16434, at *4 (M.D. Ga. Mar. 12, 1987) (holding that defendant articulated "legitimate, non-discriminatory reason[s] why it

failed to hire plaintiff," including that plaintiff "could not produce any favorable references from former employers").

As such, the burden shifts back to Plaintiff to show that this reason was a pretext for discrimination. But Plaintiff has failed to proffer any evidence of pretext. In her response, Plaintiff included a recording of the first voicemail left by Owens. (Ex. 1, ECF No. 49.) In the message, Owens explains that Plaintiff's former supervisor from Herman Miller refused to provide a reference and that she needed "somebody who was a former supervisor that knows your work in a manufacturing facility. Unfortunately we can't use your pastor. I need someone who can speak to your work. . . . I need at least one [former supervisor] that I can contact who will be willing to provide a reference." (*Id.*; Pl.'s Dep., ECF No. 40-4, PageID.310.) Plaintiff does not point to any other evidence. She has not shown that Defendant's non-discriminatory reason has no basis in fact, was not the actual reason, or was insufficient to explain the company's actions. In fact, the voicemail supports the company's non-discriminatory reason for not hiring Plaintiff. Further, other evidence shows that Owens hired an African American woman—with a complete application, including an external reference—under the same requisition. Thus, there is no genuine dispute of material fact and Defendant is entitled to judgment as a matter of law.

An order and judgment will enter in accordance with this opinion.


Dated:      March 27, 2017              /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        CHIEF UNITED STATES DISTRICT JUDGE