# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: December 20, 2017

Ms. La Antonette Anderson
2119 Sixth Street
Muskegon Heights, MI 49444

Mr. Matthew T. Nelson
Warner, Norcross & Judd
111 Lyon Street, N.W., Suite 900
Grand Rapids, MI 49503

> Re: Case No. 17-1446, *La Antonette Anderson v. Haworth, Inc*
> Originating Case No. : 1:15-cv-00725

Dear Ms. Anderson and Counsel:

The Court issued the enclosed Order today in this case.

> Sincerely yours,
>
> s/Robin L. Johnson
> Case Manager
> Direct Dial No. 513-564-7039

cc:  Mr. Thomas Dorwin

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 17-1446

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| LA ANTONETTE ANDERSON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| HAWORTH, INC., | ) | MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | |

FILED
Dec 20, 2017
DEBORAH S. HUNT, Clerk

O R D E R

Before: SILER, GRIFFIN, and STRANCH, Circuit Judges.

La Antonette Anderson, proceeding pro se, appeals a district court judgment dismissing her employment discrimination suit filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5 to 2000e-17. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

In April 2013, a temporary staffing company sent Anderson, an African-American, to work for Haworth, Inc., a manufacturer of commercial office furniture and interior furnishings. Pleased with her work, the plant manager encouraged Anderson to apply for full-time employment. Anderson submitted an online application to be a "team member," passed a test, and successfully participated in interviews on the phone and in person. But Kristen Owens, the recruiter processing Anderson's application, informed Anderson that her two references were inadequate. A supervisor at a former employer, Herman Miller, had indicated that company policy prohibited him from providing references for anyone, and Haworth would not accept a recommendation from Anderson's pastor about her volunteer work.

No. 17-1446
- 2 -

Owens then asked Anderson to name other supervisory manufacturing references, at least one of whom had to be external to Haworth. A Haworth team leader (Becky Harwood) attempted to contact Owens to provide a reference but did not receive a call back, and Anderson was unable to locate other supervisors from Herman Miller to request an external reference. Anderson had no other manufacturing experience and no other long-term employment since 1996. Consequently, Haworth rejected her application. Anderson left Haworth in April 2014 when her temporary assignment ended.

After obtaining a right-to-sue letter from the Equal Employment Opportunity Commission, Anderson filed suit against Haworth for monetary damages. She asserted that Haworth discriminated against her on the basis of race when it failed to hire her because Haworth did not require anyone else to have manufacturing references. The district court granted Haworth's summary-judgment motion, reasoning that Anderson had failed to make a prima facie showing of discrimination.

On appeal, Anderson reasserts her arguments that company policy did not require manufacturing references and that Haworth hired others who did not comply with company policy on references.

We review a grant of summary judgment de novo. *Saieg v. City of Dearborn*, 641 F.3d 727, 733 (6th Cir. 2011). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Upon consideration of a motion for summary judgment, the district court's function is not to weigh the evidence and determine the truth of the matters asserted, but to determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The movant bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The district court must view the evidence in the light most favorable to the non-moving party, who must present sufficient evidence such that a rational jury might find in its favor. *Anderson*, 477 U.S. at 255, 256-57; *see also Rorrer v. City of Stow*, 743 F.3d 1025, 1038 (6th Cir. 2014).

No. 17-1446
- 3 -

The Supreme Court has established a three-part framework for the allocation of proof in employment discrimination cases where there is an absence of direct evidence. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800-03 (1973). The complainant in a Title VII action carries the initial burden of establishing a prima facie case of discrimination. *Id.* at 802. To establish a prima facie case of failure-to-hire under Title VII, the plaintiff must show that:

> (1) she was a member of a protected class; (2) she applied for and was qualified for the position . . . ; (3) she was considered for and denied the position; and (4) she was rejected in favor of another person with similar qualifications who was not a member of her protected class.

*Alexander v. CareSource*, 576 F.3d 551, 559 (6th Cir. 2009) (quoting *Betkerur v. Aultman Hosp. Ass'n*, 78 F.3d 1079, 1095 (6th Cir. 1996)). Alternatively, a plaintiff may satisfy the fourth element in a disparate-treatment case by showing that she "was treated differently than a similarly-situated employee outside of the plaintiff's protected class." *Birch v. Cuyahoga Cty. Prob. Court*, 392 F.3d 151, 165 n.12 (6th Cir. 2004).

Once the plaintiff establishes a prima facie case, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for rejecting the application. *See Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981). Thereafter, the burden shifts back to the plaintiff to establish that the employer's stated reason was a pretext for discrimination. *Id.* "[S]ummary judgment is proper if, based on the evidence presented, a jury could not reasonably doubt the employer's explanation." *Chen v. Dow Chem. Co.*, 580 F.3d 394, 400 n.4 (6th Cir. 2009). Although the burden of production shifts, the burden of persuasion remains at all times with the plaintiff. *Burdine*, 450 U.S. at 253.

Anderson has established a prima facie case of discrimination. The parties do not dispute that she is a member of a protected class or that she applied and was qualified for the position of team member. Anderson, after all, is an African-American, and she had worked in manufacturing at Herman Miller for thirteen years before being discharged due to a reduction-in-force. Although Haworth contends that Anderson was not "considered for and denied the position," Haworth in fact did just that by reviewing Anderson's application, proceeding with

testing, twice interviewing her, and then not hiring her. And Haworth's log of the application process describes the "Candidate Disposition" as "Rejected – Unsatisfactory Work References."

Anderson has satisfied the remaining element of a prima facie case by identifying at least two similarly-situated applicants (Esperanza Montalvo and Robert Lewis) who were outside of her protected class and were treated differently, i.e., each was hired without providing an apparent external supervisory manufacturing reference. During the application process, Montalvo named as references a team leader at Haworth and a former manager at a Bath & Body Works Outlet. Lewis listed only two managers at a Taco Bell and no internal or external manufacturing reference. Notably, Owens oversaw the applications of both Montalvo and Lewis. Additionally, Haworth conceded that another recruiter, Maria Villagomez, approved the application of Van Horn "outside [of] normal Haworth recruiting policies" by accepting two internal references, albeit with "a favorable employment verification" from an outside employer.

Haworth arguably has met its burden of articulating a legitimate, non-discriminatory reason for rejecting Anderson's application, having tendered evidence that Anderson failed to provide acceptable references and arguing that she thus failed to complete the application process. *See id.* at 254-55. Written company policy states that a temporary worker such as Anderson has to provide "2 professional references," one of which "must be external to Hayworth." And, as noted above, Haworth indicated on the application log that "Unsatisfactory Work References" was the reason for rejecting Anderson's application.

However, Anderson has met her burden of showing that Haworth's "proffered reason is unworthy of credence" and is thus pretextual. *See id.* at 255. First, Owens apparently did not contact Harwood, Anderson's internal reference. Second, at her deposition, Anderson provided evidence that Owens added an additional requirement to company policy, i.e., that the references be from manufacturing. Anderson had a recording of a voicemail from Owens, indicating that the original references were not satisfactory and stating, "So I need someone who is going to be willing to give you a reference, somebody who was a former supervisor that knows your work in a *manufacturing facility*." (Emphasis added). Anderson also testified that, at the direction of

No. 17-1446
- 5 -

Harwood, she then met with Owens, and Owens again confirmed that Anderson needed to provide a manufacturing reference. As described above, similarly-situated individuals were not held to this standard. Haworth neither has tendered an affidavit from Owens regarding her comments, nor otherwise offered an explanation for treating Anderson differently. Thus, Anderson established a genuine issue of material fact as to whether the proffered reasons were pretextual under *McDonnell Douglas*, and the district court erred by granting summary judgment for Haworth.

Accordingly, we **VACATE** the district court's judgment and **REMAND** the action for further proceedings consistent with this order.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk